FILED - USDC -NH
2021 OCT 26 PM3:53

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 20-cr-00091-SM |
| | ) |
| STEFAN CATALIN BEREANDA | ) |

### PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John J. Farley, Acting United States Attorney for the District of New Hampshire, and the defendant, Stefan Catalin Bereanda, and the defendant's attorney, Behzad Mirhashem, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and The Offense</u>.

The defendant agrees to plead guilty to Counts One and Seven of the Indictment, which charge him with bank fraud and aggravated identity theft in violation of Title 18, United States Code, Sections 1344 & 1028A.

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement. The United States also agrees to move to dismiss Counts Two, Three, Four, Five, Six, and Eight when the defendant is sentenced.

2. <u>The Statutes and Elements of the Offenses</u>.

<u>Bank Fraud</u>

Title 18, United States Code, Section 1344 provides, in pertinent part:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or

- 1 -

promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant executed or attempted to execute a scheme to defraud a financial institution as charged in the indictment;

Second, the defendant's knowing and willful participation in this scheme with the intent to defraud;

Third, the financial institution was federally insured or was a federal reserve bank or a member of the federal reserve system.

[*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.18.1344, available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf.]

## Aiding and Abetting

Title 18, United State Code, Section 2(a) provides:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

The defendant understands that aiding and abetting bank fraud has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that the crime of bank fraud was actually committed by someone;

Second, that the defendant took an affirmative act to help or cause the commission of bank fraud; and

Third, that the defendant intended to help or cause the commission of bank fraud.

[*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2019 Revisions,* Instruction 4.18.02(a), available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf.]

Attempt

The defendant understands that attempted bank fraud has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant intended to commit the crime of bank fraud; and

Second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

[*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2019 Revisions,* Instruction 4.18.00, available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf.]

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1) provides, in pertinent part:

Whoever, during and in relation to any felony violation enumerated in subsection (c) [including Bank Fraud], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant committed the felony violation of bank fraud;

Second, during and in relation to the felony violation of bank fraud, the defendant knowingly transferred, possessed, or used a means of identification;

Third, the defendant did so without lawful authority;

Fourth, that means of identification belonged to another person; and

Fifth, the defendant knew that the means of identification belonged to another person.

[*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.18.1028A, available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf.]

3. Offense Conduct.

- 3 -

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

Claremont Savings Bank (CSB) is a financial institution as defined by Title 18, United States Code, Section 20, the deposits of which are insured by the Federal Deposit Insurance Corporation. CSB has five branch locations in New Hampshire and Vermont.

In November 2019, Stefan Bereanda, together with his co-defendant, knowingly and willfully devised and executed a scheme and artifice to defraud CSB and to obtain money in the custody and control of CSB by means of false and fraudulent pretenses, representations, and promises. As part of the scheme, Bereanda and his co-defendant fraudulently obtained account information belonging to CSB customers, re-encoded the fraudulently obtained account information onto cards with magnetic strips, and subsequently used the re-encoded cards to withdraw or attempt to withdraw funds from CSB customer accounts.

Specifically, on or about November 9, 2019, ATM surveillance footage from CSB's Broad Street branch location shows Bereanda's co-defendant, Adrian Redenciuc, installing skimming devices on the drive-up and walk-in ATMs. A skimming device is an electronic device that can be used to fraudulently capture account information that is stored on the magnetic strip of an ATM card. The data captured and stored by the skimming device can later be reprogrammed onto any card with a magnetic strip, such as a debit card, gift card, or hotel key card. Redenciuc was also captured on surveillance footage installing what appear to be small hidden cameras designed to record the keystrokes entered by an ATM customer (e.g., a PIN number) during an ATM transaction. On November 10, 2019, surveillance footage captured Redenciuc removing these devices.

In the overnight hours of November 12th into November 13th, 2019, Bereanda and his co-defendant visited several CSB ATM locations around Claremont, New Hampshire, and made unauthorized withdrawals from CSB customer accounts using the information they had fraudulently obtained through the use of the aforementioned skimming devices.

Specifically, on the dates charted below, Bereanda executed this scheme by making and attempting to make unauthorized withdrawals from the CSB accounts listed below, each of which was located in New Hampshire.

| Count | Date / Time of Transaction | Last Four Digits of Account No. | Account Holder | Transaction Amount |
|-------|---------------------------|--------------------------------|----------------|--------------------|
|       |                           |                                |                |                    |

| | | | | |
|---|---|---|---|---|
| 1 | 11/12/2019 2148 HRS | 7660 | E.D. | $360.00 |
| 2 | 11/13/2019 0037 HRS | 7600 | G.L. | $500.00 |
| 3 | 11/13/2019 0040 HRS | 7546 | C.G. | $500.00 |

Furthermore, in the course of committing the offense described herein, Bereanda knowingly possessed and used, without lawful authority, the means of identification of other real persons, specifically, their bank account and PIN numbers, as set forth below:

| Count | Date / Time of Transaction | Person Whose Identity was Used | Last 4 Digits of Account Number |
|---|---|---|---|
| 7 | 11/13/2019 0046 HRS | P.M. | 3251 |
| 8 | 11/13/2019 0047 HRS | J.B. | 8263 |

CSB was able to confirm that Bereanda and Redenciuc fraudulently withdrew a total of $31,485 in ninety-three transactions during the cash out on November 12-13, 2019. All of the fraudulent transactions were to CSB customer accounts. Bereanda and Redenciuc also attempted to withdraw approximately $20,000 in additional funds, but the transactions were declined.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense are:

A.   For Count One, a maximum prison term of 30 years (18 U.S.C. §§ 1344);

B.   For Count Seven, a mandatory prison term of two years to be imposed consecutively to any other term of imprisonment imposed (18 U.S.C. § 1028A(a)(1) and (b));

C.   For Count One, a maximum fine of $1,000,000 (18 U.S.C. §§ 1344; 18 U.S.C. § 3571(b)(1));

D.   For Count Seven, a maximum fine of $250,000 (18 U.S.C. § 3571(b)(3));

E.   For Count One, a term of supervised release of not more than five years, and for Count Seven, a term of supervised release of not more than one year (18 U.S.C. §§ 3559, 3583). The defendant understands that the defendant's failure to comply with any of the conditions of supervised

        release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

F.     A mandatory special assessment of $200, $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)).

G.     In addition to the other penalties provided by law, the Court may order him to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

        To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

        The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5.  <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.     Respond to questions from the Court;

C.     Correct any inaccuracies in the pre-sentence report;

    D.    Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

    (a)    40 months' imprisonment is an appropriate disposition of this case; and

    (b)    That restitution shall be ordered to the following victims in the following amounts:

- $31,485 to Claremont Savings Bank; and

- $903 to New Cumberland Federal Credit Union.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea[s].

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such

recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

- A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

- B. Challenges the United States' offer of proof at any time after the plea is entered;

- C. Denies involvement in the offense;

- D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

- E. Fails to give complete and accurate information about his financial status to the Probation Office;

- F. Obstructs or attempts to obstruct justice, prior to sentencing;

- G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

- H. Fails to appear in court as required;

- I. After signing this Plea Agreement, engages in additional criminal conduct; or

- J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.  The defendant also understands that he has the right:

    A.    To plead not guilty or to maintain that plea if it has already been made;

    B.    To be tried by a jury and, at that trial, to the assistance of counsel;

    C.    To confront and cross-examine witnesses;

    D.    Not to be compelled to provide testimony that may incriminate him; and

    E.    To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment in this case. The defendant understands that if, before sentencing, he

violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13. <u>Waivers</u>.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of

conviction; and

2. The sentence imposed by the Court if it is consistent with the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN J. FARLEY
Acting United States Attorney

Date: 10/25/21

By: _____
Kasey A. Weiland
Assistant United States Attorney
Bar Association #82785 (VA)
53 Pleasant St., 4th Floor
Concord, NH 03301
Kasey.weiland2@usdoj.gov

The defendant, Stefan Bereanda, certifies that he has read this 14-page Plea Agreement and that he fully understands and accepts its terms.

Date: 10-07-2021

_____
Stefan Bereanda, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 10/21/21

_____
Behzad Mirhashem, Esquire
Attorney for Stefan Bereanda